**Boubacar Sidiki BANGOURA,**
**Petitioner,**

v.

**BOARD OF IMMIGRATION**
**APPEALS, Respondent.**

No. 05–4599–ag.

United States Court of Appeals,
Second Circuit.

June 1, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

Deborah J. Rhodes, United States Attorney, Southern District of Alabama;

David Andrew Sigler, Assistant United States Attorney, Mobile, AL, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Boubacar Sidiki Bangoura, a citizen of Guinea, seeks review of an August 3, 2005 order of the BIA affirming the December 4, 2003 decision of Immigration Judge ("IJ") Helen J. Sichel denying Bangoura's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Boubacar Sidiki Bangoura*, No. A 95 363 650 (B.I.A. Aug. 3, 2005), *aff'g* No. A 95 363 650 (Immig. Ct. N.Y. City Dec. 4, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339–40 (2d Cir.2006).

■ As a preliminary matter, in the absence of an explicit adverse credibility finding, we assume Bangoura's credibility and construe the IJ's decision to deny relief as having rested on a lack of corroboration. Before denying a claim solely based on an applicant's failure to provide corroborating evidence, the agency must "explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Diallo v. INS*, 232 F.3d 279, 290 (2d Cir.2000).

■ Here, Bangoura submitted his Rally for the Guinean People ("RPG") membership card, his Red Cross first aid worker's card, and a notice dated June 2001 from a civil prison in Conakry indicating that he was indicted in June 2000 at the Alpha Yaya Camp for sabotage of the municipal government, and that he was summoned to appear before the Director of Conakry Central Prisons. In addition, Bangoura submitted a letter from the RPG indicating that his name had appeared in newspaper headlines, that he was "targeted by the police," and that he should not return to Guinea as he had already been detained in Camp Alpha Yaya prison. Bangoura also submitted numerous reports and articles regarding country conditions in Guniea. The Government did not object to the admission of this evidence. Bangoura's documents were clearly relevant to his claim that he was both a member of the RPG and a Red Cross volunteer, that he had been detained in Camp Alpa Yaya prison, and that he was expected to report back to the prison authorities. Despite the fact that the IJ did not identify any deficiencies with these documents, nor raise questions regarding Bangoura's identity, she found that he failed to meet his burden of proof because he failed to provide: a letter from the Red Cross confirming its role in his release from detention; any of the newspaper articles referenced in the letter from the RPG; and an affidavit from his parents confirming the family's history of political activity.

In light of the evidence that Bangoura already submitted, as well as the lack of an adverse credibility finding, we agree with Bangoura that the IJ failed to explain why additional documentation was crucial. *See id.* at 288 (emphasizing that the Court was not convinced that it was reasonable under BIA precedent to expect additional corroboration when the applicant had submitted background materials that substantiated his particular claims).

Furthermore, the IJ had not previously requested that Bangoura submit the missing documents identified, and did not provide him with the opportunity to attempt to obtain them, even though Bangoura testified that he could, at the least, contact his mother directly to request corroboration. *See Ming Shi Xue v. BIA,* 439 F.3d 111, 125 (2d Cir.2006) (demanding that immigration judges give refugee seekers an opportunity to address and, where possible, rectify perceived deficiencies in their testimony). These circumstances necessitate a remand of Bangoura's claims for asylum, withholding of removal, and relief under the CAT, all of which shared the same factual predicate. *See id.* at 122 (explaining that the requirements of the *Diallo* corroboration rule were designed "not only to guard against arbitrary and excessive requests by an IJ, but also, and equally importantly, to guarantee applicants an opportunity to remedy the supposed evidentiary gap" (citation omitted)).

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this order. The pending motion for a stay of removal in this petition is DISMISSED as moot.